UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VERSATILITY, INC, <br><br> Plaintiff, <br><br> v. <br><br> CAPITOL INDEMNITY CORPORATION, et al., <br><br> Defendants. | 2:10-CV-1942 JCM (PAL) |

### ORDER

Presently before the court is defendant Capitol Indemnity Corporation's motion to dismiss (doc. #6), to which plaintiff Versatility, Inc., has responded (doc. #9). Defendant has also filed a motion for leave to file supplemental authority in support of its motion to dismiss (doc. #16), and plaintiff Versatility has opposed this motion (doc. #17).

Plaintiff filed the instant action alleging breach of contract and bad faith when defendant declined to defend plaintiff in an alleged "assault and battery" lawsuit filed in Clark County, Nevada. Defendant claims that the policy specifically excluded any coverage for any suit (including one founded on claims of negligence) arising out of or related to any assault, battery, and harmful or offensive contact or threat. Accordingly, defendant filed the instant motion requesting plaintiff's action be dismissed because, as a matter of law, the policy provided no coverage for the underlying lawsuit (doc. #6).

**James C. Mahan**
**U.S. District Judge**

**I.     Motion to Dismiss**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557). However, where there are well pled factual allegations, the court should assume their veracity and determine if they give rise to relief. *Id.* at 1950.

**A.     Breach of Contract**

To state a claim for breach of contract, the plaintiff must allege: (1) the existence of a valid agreement between the plaintiff and the defendant; (2) a breach by the defendant; and (3) damages as a result of the breach. *Calloway v. City of Reno*, 993 P.2d 1259 (Nev. 2000) (overruled on other grounds). Once a plaintiff proves these prima facie elements, the burden shifts to the defendant to show that his nonperformance was excused or otherwise defensible. *Hewitt v. Allen*, 43 P.3d 345, 349 (Nev. 2002).

Furthermore, with regard to insurance policies, an insurance company's duty to defend and/or indemnify its insured arises from the provisions of the insurance policy. *See Rockwood Ins. Co. v. Federated Capitol Corp.*, 694 F. Supp. 772, 776 (D. Nev. 1988). "The insurer must defend any lawsuit brought against its insured which potentially seeks damages within the coverage of the policy." *Id.* When interpreting the language of an insurance policy, ambiguous terms will be construed in favor of the insured and against the insurer. *See Harvey's Wagon Wheel, Inc. v. MacSween*, 606 P.2d 1095 (Nev. 1980).

"On the other hand, when contract language is clear and unambiguous, a court cannot, under the guise of interpretation, distort the plain meaning of the contract." *See Watson v. Watson*, 596 P.2d 507, 508 (Nev. 1979). Moreover, any attempt to restrict insurance coverage must be done clearly and explicitly and should employ language which clearly and distinctly communicates to the insured the nature of the limitation. *See Capitol Indem. Corp. v. Blazer*, 51 F. Supp. 2d 1080, 1084

(D. Nev. 1999).

Here, neither party disputes the existence of a valid agreement; however, the question arises as to whether the defendant's coverage determination constitutes a breach of the insurance policy. In the underlying action, plaintiff was sued by a patron of its bar who alleged that an unidentified employee struck him in the face and head, severely injuring him. Specifically, the patron alleged claims of assault and battery; intentional infliction of emotional distress; vicarious liability; negligence; negligent hiring, supervision and retention; and punitive damages. Defendant contends that these claims all arise from the alleged "assault and battery," and hence are not covered under the policy.

Upon the filing of the complaint, plaintiff provided the defendant with a video tape which proved no physical contact ensued between the patron and employee. Based on this evidence, plaintiff claims that the lawsuit was frivolous, and the defendant had an obligation to defend because no apparent battery or assault ever occurred. Thus, the only viable claims were those alleging negligence, which were covered under the insurance agreement. Plaintiff eventually won the suit three years later; but incurred attorneys' fees and costs in excess of $54,000 for which plaintiff now seeks reimbursement.

      **i.**    **The Insurance Policy**

To resolve the dispute, the court must interpret the parties' insurance agreement, which outlines the parties' obligations as follows:

Insuring Agreement

    a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

Exclusion - Assault or Battery

    We have no duty to defend or indemnify any insured or any other person against any claim or suit for <u>bodily injury</u>, property damage, or personal and advertising injury, including claims or suits for

> <u>negligence</u> arising out of or related to any: (1) <u>assault</u>, (2) <u>battery</u>, (3) harmful or offensive contact, or (4) threat, <u>whether committed by a patron, employee, or any other individual</u>. This exclusion applies regardless of fault or intent. . . . "For purposes of this exclusion, negligence includes but is not limited to claims for negligent: (1) hiring, (2) employment, (3) training, (4) supervision . . . ."

*See* Doc. #6 at 7-9; Exhibit 2 (emphasis added).

In the insurance policy above, the "insuring agreement" is broadly written to include coverage for claims resulting from bodily injury. However, the agreement qualifies this obligation by stating there is no duty to defend bodily injury suits: "to which this insurance does not apply." Additionally, the "exclusion" further limits the defendant's duty by denying coverage for claims that involve intentional torts, and other related claims such as negligence that "arise" from this conduct.

Moreover, this denial of coverage applies regardless of whether the underlying intentional claims are factually accurate. The insurance policy does not state that coverage was dependent upon there actually being facts to support the damages for an underlying claim. Therefore plaintiff's proposed, extrinsic video evidence is irrelevant to determining the parties' obligations. The agreement makes it clear that the defendant's duty to defend the plaintiff is contingent upon the underlying claims and damages alleged in the complaint, and not on the actual outcome of the case. *See UMG Recordings, Inc. v. American Home Assur. Co.*, 321 F. Appx. 553, 554 (9th Cir. 2008); *Senteney v. Fire Ins. Exch.*, 707 P.2d 1149, 1150-51 (Nev. 1985) (stating the court will not increase an obligation to the insured where such was intentionally and unambiguously limited by the parties) (citation omitted).

With regard to the underlying suit, the patron's negligence claims arose out of the alleged battery and assault damages that occurred between the patron and employee. The patron's negligence claim in his complaint states that "[patron] suffered injury to his body, and [experienced] severe pain and suffering," which occurred because of the "attack" by the employee (doc. #6-1). This claim is not independent of the alleged battery or assault. *See Hernandez v. First Financial Ins. Co.*, 802 P.2d 1278 (Nev. 1990); *Capitol Indem. Corp. v. Blazer*, 51 F. Supp. 2d 1080, 1087 (D. Nev. 1999) (stating for a claim or injury to "arise out of" an assault and battery, a causal connection

**James C. Mahan**
**U.S. District Judge**

- 4 -

must be established – a court must look to the resulting injuries which give rise to the claim against the insured).

Thus, because plaintiff's alleged negligence caused the patron to suffer injuries which "arose out" of and were "causally connected" to his alleged assault and battery, plaintiff's claim for breach of contract is hereby dismissed because it was not covered by the express terms of the insurance policy.

**II.     Motion to Supplement**

Defendant has also requested motion for leave to file supplemental authority in support of its motion to dismiss (doc. #16). In light of the above-disposition of the motion to dismiss, this motion is now moot.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the defendant's motion to dismiss (doc. #6) be, and the same hereby is GRANTED.

IT IS FURTHER ORDERED that defendant's motion to file supplemental authority (doc. #16) is hereby DENIED as moot.

DATED August 5, 2011.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**